**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM GILYARD, III,
Plaintiff-Appellant,

v.

No. 97-2362

U.S. DEPARTMENT OF ENERGY; HAZEL
O'LEARY, Secretary, U.S.
Department of Energy,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CA-96-599-1-6BD)

Argued: June 5, 1998

Decided: March 10, 2000

Before WIDENER, ERVIN,* and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard E. Miley, North Augusta, South Carolina, for
Appellant. Barbara Murcier Bowens, UNITED STATES ATTOR-

_____

*Judge Ervin heard oral argument in this case but died prior to the
time the decision was filed. The decision is filed by a quorum of the
panel. 28 U.S.C. § 46(d).

NEY'S OFFICE, Columbia, South Carolina, for Appellees. **ON BRIEF:** J. Rene Josey, United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff William Gilyard, III, a black male, was employed by the defendant Department of Energy in 1983. In April of 1992, Gilyard applied for the position of Personnel Officer, GM-0201-14, in the Human Resources Division of the Department of Energy, Savannah River Operation in Aiken, South Carolina. At the time of his application, Gilyard was serving as a Contractor Industrial Relations Specialist, GS-0246-13 at the Savannah River Operation. The Department hired a white female employee, Sara M. Larson, for the Personnel Officer position, and the plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), charging discrimination based on race and sex. The EEOC ruled adversely to Gilyard. Consequently, he filed a civil action in the United States District Court for the Southern District of Georgia alleging unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-17.

The case was transferred to the United States District Court for the District of South Carolina and assigned to a United States Magistrate Judge for report and recommendation. Thereafter, the defendant filed a motion for summary judgment. For purposes of the summary judgment motion, the Department of Energy conceded that Gilyard was qualified for the position that he sought. The magistrate judge then recommended that the district court grant the defendant's summary judgment motion, which the district court granted. Plaintiff now appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Upon review, we affirm.

2

Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court views the evidence presented in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). We review the grant or denial of a motion for summary judgment de novo. Myers v. Finkle, 950 F.2d 165, 167 (4th Cir. 1991).

In this appeal, the plaintiff raises two claims. First, he contends that the district court erred in granting summary judgment because a genuine factual dispute existed as to the qualifications of Miss Larson, the person selected for the position. Second, Gilyard argues that a genuine dispute existed as to retaliatory actions taken by the Department upon learning that he was filing a claim with the EEOC. We consider these claims in turn.

Gilyard alleges that Miss Larson was unqualified for the position and that he presented evidence sufficient to raise a genuine issue of this material fact. He rests this assertion on the testimony of Joel Cote, a selecting officer, who testified that an administrative judge had found Miss Larson unqualified in a separate, previous employment dispute. We have reviewed the documents and, contrary to Cote's interpretation of the administrative judge's opinion, find that the administrative law judge did not find Miss Larson unqualified. In that case, the administrative law judge merely found that between two qualified candidates, Miss Larson was the lesser qualified in one respect and no better qualified in another.[1]

The other evidence Gilyard relies on to demonstrate a genuine issue that Miss Larson is unqualified is that she had not worked for one year at the GS-13 level. Nevertheless, the Office of Personnel Management (OPM), in response to a precise question in this very case, reviewed Miss Larson's qualifications and found her qualified for the position. We have no reason to question this determination of

_____

[1] Cote's deposition is not exactly clear as to whether or not he was construing the ALJ's opinion, or whether he had been told what the opinion was, in which latter event the evidence was hearsay and inadmissible, as well as not being on personal knowledge. Cf. Fed. R. Civ. P. 56(e).

OPM because it is the role of OPM to determine who among the applicants meets the minimum qualifications threshold. Consequently, we affirm the district court's finding that the plaintiff failed to show a genuine issue of material fact existed regarding Miss Larson's qualifications.**2**

Turning to the issue of retaliatory conduct on the part of the Department, the plaintiff asserts that the new site manager, Dr. Mario Fiori, retaliated against him for filing an EEOC claim by scheduling a meeting 30 minutes before Gilyard was to be interviewed by the EEOC. Fiori allegedly called the meeting to discuss handling EEOC complaints in a speedy fashion.**3**

The plaintiff further alleges that at this meeting Dr. Fiori became angry, hit the table and told him that he could not meet with the EEOC investigator and that he should get a job elsewhere in the government because he was not part of the Savannah River team.

To survive summary judgment, Gilyard had to establish a prima facie case of retaliation under Title VII. There are three elements to a prima facie case: 1) the employee engaged in protected activity; 2) the employer took adverse employment action against the employee; and 3) a causal connection existed between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). We only address the second element because the facts of Gilyard's case with respect to this element justify the district court's grant of summary judgment.

_____

**2** The letter from the OPM to the Department of Energy, the employer in this case, was specific in its approval of Miss Larson's qualifications for the job. The objection to its use is only that it is hearsay. While it is true that such a letter may fit the definition of hearsay as an out-of-court statement offered for the truth of the matter asserted, this letter is admissible as a business record under Fed. R. Evid. 803(6). Cf. Brown v. ASD Computing Ctr., 519 F. Supp. 1096, 1103-06 n.2 (S.D. Ohio 1981); Nationwide Mut. Ins. Co. v. Stephens, 313 F. Supp. 890, 894 (W.D. Va. 1970), aff'd sub nom. Bernstein v. Nationwide Mut. Ins. Co., 458 F.2d 506 (4th Cir. 1972), cert. denied, 409 U.S. 812 (1972).
**3** The record reveals that several EEOC complaints regarding the Savannah River Operation were pending when Dr. Fiori became the site manager.

In the present case, Gilyard emphasizes the meeting described above. However, no adverse action has been taken against Gilyard. Indeed, since the Personnel Officer position was filled and the meeting occurred, Gilyard was promoted. Moreover, he presents no other evidence of an adverse action taken against him that is not explained as a managerial decision in the ordinary course of business.**4**

This evidence is not sufficient. As we have previously observed, employees are not "guaranteed a working environment free of stress . . . [d]issatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions." Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994). Although we made this observation in the context of a claim of racially discriminatory discharge, it is equally applicable to the charge of retaliation that is before us. Consequently, we find that the Department of Energy did not take adverse action against Gilyard for asserting his rights by filing an EEOC claim.

We thus are of opinion that the district court properly granted summary judgment on Gilyard's claims of discrimination and retaliation.

Accordingly, the judgment of the district court is

AFFIRMED.

_____

**4** In his brief Gilyard also claims that these events created a hostile work environment. In reviewing claims of a hostile or abusive work environment, we examine whether a reasonable person would find the environment sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere. Carter v. Ball, 33 F.3d 450, 461 (4th Cir. 1994). Again, Gilyard produced no evidence that any actions taken by the Department (canceling some training, altering some responsibilities, staffing allocation decisions) were anything more than managerial decisions in the ordinary course of business. From our review of the hostile work environment claims, we cannot find that Gilyard presented evidence that survives a summary judgment motion by the Department.